Reese J.
delivered the opinion of the court.
There are many decisive objections to the above plea. 1st. The plea does not state the nature of the instrument upon which the original liability, and the relation of principal and surety, were founded, whether it were a specialty, or joint and several, or showing otherwise the fact of suretyship on its face, or whether it was a simple contract. For if the relation of principal and surety were created by a specialty, which upon its face did not show that relation, the facts of this plea would not at law, it is believed, if pleaded before the rendition of the original judgment, have barred a recovery upon the specialty. For it is said to be no defence at law to an action on a bond against a surety, that the obligee by a parol agreement, has given time to the principal, (see 5 Rand. R, *54 187.) The principle is maintained in Theobald’s Treatise on Principal and Surety, 117, that at law, if several person's' are °k%ecl under seal, and it appear by the terms of their engagements to be principals, they are estopped from proving themselves to be essentially sureties, and therefore even such as are essentially only sureties, cannot at law, use in defence matter which might entitle them to relief either partial or entire in equity where there is no estoppel, but where they are permitted to prove themselves sureties.
But secondly; we are of opinion, that if the plea had avered that the original liability was by simple contract.; or by specialty, showing upon its face the suretyship of Adams, still when such liability became merged in a judgment, the plea to a scire, facias, with an averment which looked to the state and relation of the parties, and the facts before the judgment, would not in a court of law be valid. This results, a fortiori, from the principle first stated.
Thirdly; we are inclined to the opinion that the plea should have stated a consideration for the agreement between the plaintiff in the scire facias and the defendant, Marable. If it be said that the term “agreement” involves a consideration, it may be answered that when in pleading it is necessary to aver a consideration, it will not do to rely upon the vis termini of the word “agreement.” In a respectable authority, it is laid down as a rule, that the indulgence granted to a principal which will discharge a surety from his engagement, must be of that kind by which the nature of the contract is changed, as when the creditor without the consent of the surety, and by his own act, puts it out of his own power to enforce payment of the debt by the principal. See 4 Har. and M’Hen. 41. See also, King vs. Baldwin, 17 John. 389; 2 Pick. 614: 1 Desau. 58, 315: 4 Yerg. 182. It may not be a circumstance which ought to change, perhaps, the law of principal and surety, as recognised in England and several States of our Union, that by a statute of our own, the surety has a prompt and effectual remedy against his principal by motion so soon as a judgment may bo rendered against himself. He need file no bill; but if the creditor by contract, or mere indulgence, omit to sue out execution, the surety may take his judg *55 ment over against his principal, and sue out execution himself. The existence of such a statute will at least deprive a surety of much of our sympathy, whose complaint is founded upon the indulgence given to his principal after the rendition of judgment against them, if the rule of law, should upon the sueing out of a scire facias against him to revive such judgment, hold him responsible for the payment of the money by the issuance of an execution. Let this judgment be reversed, and this court, proceeding to give such judgment as the circuit court ought to have given, sustain the demurrer of the defendant, Adams, and let an execution be awarded against him upon said scire facas.
Judgment reversed.